ASSUMPSIT by the holder against the maker of a check or draft, in the following form: —
"No. 29. Wilmington, September 9, 1847. Union Bank of Delaware, pay to John Seymour, or order, two hundred and sixty-nine dollars sixty-six cents; payable the 29th instant.
 JAMES E. HAMILTON.
Indorsed John Seymour, Charles Justice, Jno. B. Austin: pay to Farmers' Bank, J. S. SMITH, Cashier." *Page 306 
The plaintiff proved the handwriting of the drawer; and called a notary, who proved that he presented the check to the bank on the 29th of September, 1847, for payment, which was refused for want of funds; and he supposed he notified the drawer and endorsers.
The notice to the drawer was by mail, as he supposed, as that is his practice, where the drawer resides out of the city. He could not recollect how it was given in this case, or where directed.
Plaintiff then produced a probate, and closed.
Mr. Bayard moved a nonsuit, because the drawer had no "notice of the dishonor;" nor was it shown that at the time the draft was made, he had no funds in the bank; and no legal notice to him was proved. The notary cannot prove where or how he sent notice; or whether he sent notice at all, except by reference to a practice which does not make the law of notice. (2 Camp. Rep., 503.)
He also objected, that as it appeared by the endorsements that the draft was endorsed to the present holder after it was dishonored; he could not recover without a probate by the party who held it at the time it fell due, as well as the plaintiff.
Mr. Whiteley replied, that notice by mail, to a party living out of town, was sufficient, and the notary's invariable custom was sufficient proof of it. Neither was any notice necessary. The want of funds in the bank at the time the draft was payable, excuses notice to the drawer. As to the probate, the affidavit here was by D. W. Bradley, that the check was transferred prior to the death of Hamilton, and that nothing had been paid. The act requires a double probate only where the assignment is after the death of the drawer.
Mr. Bayard. — The principle is, that the drawer of a bill of exchange is entitled to notice, unless in case where he had no funds in the hands of the payer, at the time the draft was made. Even in case of fluctuating accounts, the drawer is entitled to notice, though in point of fact his accounts show a want of funds at the time; but where actual notice is required, proof must be made that it was given personally, or by letter through the post office, addressed to the party at his place of residence, if he lives in a post town.
The object of a probate is to protect the estate against unjust claims. If a claim be assigned to a party in the life time of the defendant, he may make the probate; if after, probate must be made by the assignor as well as the assignee. A note taken after due, is taken subject to all equities as between the original parties; not so, if assigned before due. This note came to the hands of the present *Page 307 
plaintiff after it was dishonored. He is, therefore, obliged to show that it was assigned to him in the life time of the defendant, in order to avoid the necessity of a double probate, and he cannot show this by the probate itself.
The Court. — The principles applicable to inland bills of exchange would require that we should nonsuit the plaintiff here, for want of notice to the drawer; but it occurs to us that there may be a distinction between bank checks and inland bills. We direct the counsel's attention to this question. We think the probate sufficient.
Mr. Bayard. — There is no proof of want of funds. The allegation in the declaration is of a demand and notice; the proof is of an excuse for not making a demand. The proof does not support the allegation; and this is ground for nonsuit. (1 Harr. Rep., 15.) And even this excuse for not giving notice of the demand, is not proved. The want of funds is not proved by the declaration or answer of the bank officers, that the drawer had no funds in bank. This is evidence of a refusal to pay; and the notary's evidence of it as a refusal; but no evidence of the fact of want of funds. That must be proved by calling the bank officers as witnesses.
The defendant, therefore, to resist this motion, must establish the position that the drawer of such an instrument as this is not entitled to any notice of the refusal to pay it.
There are two opinions of eminent men in his favor on this point; but I shall maintain that is not law. What is the character of this draft? It is not a check; but a bill of exchange. A check is an order on abanker, in favor of a person or order, payable immediately, and not at a future day.
I contend that on a check the drawer is entitled to notice of nonpayment, before he can be sued. It is a kind of inland bill, subject to certain peculiar principles, but the drawer is entitled to notice of dishonor, unless it is proved that he had no funds at the bankers at the time when the bill is presented.
A bill of exchange is an order for the payment of money to A. B. or order, or bearer, and may be at sight, or on demand, or so long after sight or date, c. The drawee is the principal debtor, and in commercial estimation he is the drawer's debtor. (Story on Bills, 43, 121, 7 § 112;Ibid, 556 § 464, § 470.) Inland bills of exchange, payable after date, are entitled to grace; not when payable presently. And in every case of a check, i.e. a bill payable at *Page 308 
a future time, the drawer is entitled to notice of the dishonor, unless the want of funds be proved.
I admit this distinction between a bill of exchange and a check, i.e. a bill on a banker. In case of a check on a private person, the drawer is entitled to notice of dishonor, if he had funds in the hands of the drawee at the time the bill was drawn, or had reasonable expectation of funds, as in case of unsettled accounts; in other words, unless in case of a fraudulent draft by a person who has no funds, the drawer is entitled to notice of dishonor.
But in case of a check on a banker, payable immediately, the drawer is not entitled to notice of dishonor, if he has no funds in the bank at the time of presenting the check; but this want of funds must be proved
by other evidence than the notary's protest. (3 Kent's Com., 104; 44lecture, note.)
I controvert the position that the drawer is the principal debtor, in case of a check on a banker. The remark of Chancellor Kent is not supported by authority; though Judge Story backs it. He cites 39 Com.Law Rep., 640. 1. The nature of the contract is against it. If the drawer is the principal debtor, no demand need be made. He may be sued without a demand. And if a demand be necessary, he must be notified of the dishonor, or proof must be made of dispensation of such notice. 2. The form of the check is against it. It is an order by one person on another to pay money, and the drawer is responsible only on failure of the drawee to pay as ordered. (39 Com. Law Rep., 640; Kemble vs. Mills, 2 Hill's Rep., 430; 10 Peter's Rep., 572, Dickens vs. Beale; 21 WendRep., 372; Term Rep., Bickerdike vs. Boldman; 7 East Rep., 359; 1 Bos Pul, 654; 3 Ib., 341; 5 Eng. Com. Law, 401; 16 East Rep., 43; 7 Taunt.Rep., 159, 397; (2 Com. Law Rep., 58, 152.) 3. No1 order payable at a future day, whether on a banker or other person, is a check. A check is an order upon a banker, as a mode of payment; a check ordering payment at a future day, is an instrument of credit, and is a bill of exchange. The object is to use credit in place of instant payment of money. A check is never used for the purpose of obtaining credit; a bill is; and a check payable at a future day is a bill; subject to grace, c. (25Wend. Rep., 673.)
Mr. Whitely. 1. As to the necessity of an allegation in the narr, in order to let in proof of no funds as an exceuse for not giving notice; the form of declaring is to alledge notice, and prove the want of funds, not so much as an excuse as a qualified notice. (Greenl. *Page 309 Ev., 162.) The best proof of want of funds, is the fact that payment was refused, because of want of funds. 2. Without disputing most of the principles and cases cited on the other side, as to bills, of exchange, I inquire whether it is the law as to checks. A check is an order on a banker or other person to pay a certain amount out of the drawer's funds in the banker's hands on deposit. The drawer is the principal debtor, not the banker. Neither is there any propriety in requiring notice to the drawer of dishonor of his check, for he is bound to know whether he has funds on deposit to meet it. A check is a draft by a depositor on his own funds. How is he prejudiced, if it be dishonored for want of funds? There are many points of difference between an inland bill and a check. 1. An overdue bill is taken subject to all equities as between the original parties; a check is not. 2. The check furnishes no credit to the drawer as the bill does. The bill is drawn on credit; the check on deposits. 3. The reason why notice is required to the drawer of a bill is, that he may be injured for want of such notice; not so of the drawer of a check, whether payable now or at a future day; he cannot be injured if the check is dishonored, because he has not deposited the funds upon which it is drawn. The main question is, who is the principal debtor on such a check as this? Is it the drawer, or the bank? The deposits are not made for the benefit of the bank. They are made for the security and convenience of the depositor. (Chitty Bills, 545, Def'n. ofa check; Greenl. Ev., § 195, last edition; 3 Kent's Com., 104, n. a; 2Hill's Rep., 431.) If the drawer of a check is the principal debtor, there is no need of the averment or proof of dishonor.
3. How does a check payable at a future day differ in its character from a general check? The one is a check on the drawer's funds already deposited, the other on his funds to be deposited by the time the check will be due; and both for the drawer's convenience. If the drawer of a check presently due is bound to know whether he has deposited funds for its payment, and is not entitled to notice of its dishonor; how is the case differed if he, for his own convenience, draws the check not payable until a distant day? In either case he is bound to deposit; and to know whether he has deposited funds to meet it; and he cannot be injured by an omission to give him notice., Bank checks stand on principle in a different condition from bills of exchange, which are commercial instruments. *Page 310 
 Mr. Bayard, in reply. — 1 Harr. Rep., 15, Bank vs. Cooper, is the answer to Mr. Greenleaf's suggestion, as to pleading want of notice. A check is a bill of exchange in form, in substance and effect. The different notion is founded on the assumption — 1. That a check is drawn against funds deposited. 2. And that a draft against no deposits is a fraud. Now as to the first, the check may or may not be so drawn. It is an order on the bank as a debtor, whether from deposits or otherwise; and it is no more fraudulent to draw on the bank without funds, than to draw on another without funds. Neither can the drawer always know whether he has funds. A bank is not only a depository of funds, but is a collector, and a discounter; and the account may be always fluctuating. A check may be drawn on acceptancies as well as deposits; and these may fail, of which the drawer ought to have notice. The opinion of Chancellor Kent and of Chief Justice Story, is not sustained by authority. The contrary opinion is, to wit: that on a check as well as other bill of exchange, the drawer is not primarily but secondarily liable. A check is a draft on a banker, payable in presenti; nothing else. If a check be drawn in any other form, it is subject to the law of such instruments; and is in this case a bill of exchange.
By the Court.
Whatever might be our opinion in case of a common check on a bank payable presently, in relation to which the great names of Chancellor Kent and Judge Story are cited, as distinguishing such an instrument from an inland bill of exchange, on the material feature, as to whether the drawer is primarily, or only secondarily liable, we do not see any reason for distinguishing this check from a common inland bill. It is an order drawn by Hamilton on the bank, for the payment of a sum to Seymour, or order, on the 19th of September, which is ten days after date; and would be a bill in common form, if expressed to be ten days after date. We do not mean, however, to intimate an opinion that a check payable presently, is not an instrument charging the drawer conditionally. We only decide that this check is; and that to recover upon it, the plaintiff was bound to give notice to the drawer that it was dishonored.
 Nonsuit ordered.